IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MCE Automotive, Inc., d/b/a Toyota of Greer; and MCE Cars, Inc., d/b/a Kia of Greer, <br><br>     Plaintiffs, <br><br>v. <br><br>National Casualty Co., and Susan Wetherald, as Permanent Guardian and Conservator of Patricia A. Kaufman, a vulnerable adult, <br><br>     Defendants. | C/A No. 6:11-1245-TMC <br><br> **ORDER** |

This matter is before the Court on a motion for leave to file a supplemental or amended complaint and to amend and/or alter a judgment filed by Plaintiffs MCE Automotive, Inc., d/b/a Toyota of Greer, and MCE Cars, Inc., d/b/a Kia of Greer (collectively "MCE"). (Dkt. # 72). Defendant National Casualty Company ("National Casualty") opposes the motion. (Dkt. # 73). For the reasons set forth below, MCE's motion is denied.

This matter stems from an underlying state court action brought on December 29, 2009, by Plaintiff Susan Wetherald ("Wetherald"), as permanent guardian and conservator of Patricia A. Kaufman ("Kaufman") against MCE in which Wetherald alleges that MCE took advantage of Kaufman, a vulnerable adult, by selling her a large number of cars for herself and others. *Susan Wetherald as Permanent Guardian and Conservator for Patricia A. Kaufmann v. MCE Automotive, Inc., d/b/a Toyota of Greer;*

*MCE Cars, Inc., d/b/a Kia of Greer; Eugene Black; and David Alan Perry*, C.A. No. 2009-CP-23-11039 (filed Dec. 29, 2009) ("Underlying Complaint"). The underlying complaint asserts six causes of action against MCE: 1) exploitation of a vulnerable adult; 2) civil conspiracy, 3) conversion, 4) illegal and unenforceable contract; 5) unfair trade practices; and 6) negligence. (Dkt. # 1 Attach. # 1 - State Court Compl.).

After the Underlying Complaint was filed, MCE requested National Casualty defend them in the action.  National Casualty refused and MCE brought this action alleging bad faith and breach of contract claims against National Casualty.  On September 28, 2012, this court found National Casualty did not have a duty to defend the Underlying Complaint and granted National Casualty's motion for summary judgment.  (Dkt. # 70).

Subsequently, Wetherald sought leave from the arbitrator to file an amended complaint in the underlying state action and that motion is currently pending before the arbitrator.  MCE seeks leave to file a supplemental or amended compliant in this action arguing that National Casualty "now has an unmistakable duty to defend; that National Casualty should be given a reasonable time to agree or refuse to defend; and that in the event National Casualty refuses to defend, the parties should be given an opportunity to brief the effect of the Amended Complaint."  (Dkt. # 72- Mot. at 2).  Additionally, MCE seeks to alter or amend this court's order granting National Casualty summary judgment to enable the court to rule on the effect of the proposed amended complaint in the underlying state action.  *Id*. at 2-3.  MCE also states that they "realize that they could simply file a new suit."  *Id*. at 2.

As this court's granting of summary judgment was based upon the allegations then pending in the Underlying Complaint, if MCE were to be granted leave to file an

2

amended complaint in the underlying action, the coverage determination would at least arguably need to be revisited.[1] However, before MCE is granted leave to file the proposed amended complaint in the underlying action, the proposed amended complaint is just that - only a proposed amended complaint. It has no legal effect and would not cause this court to alter or amend its prior judgment.[2]

For the foregoing reasons, Plaintiffs MCE's Motion for Leave to File a Supplemental or Amended Complaint and to Alter and/or Amend the Judgment (Dkt. # 72) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 27, 2012

---

[1] Whether that should be in a new action is not an issue this court needs to decide at this time.

[2] Further, National Casualty would have to deny coverage based upon the amended complaint.

3